**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 97-30005-04-GPM |
| CARLETOS HARDAMON, | ) ) ) |
| Defendant. | ) |

# ORDER

**MURPHY, District Judge:**

This case is before the Court on several motions: a pro se motion for retroactive application of sentencing guidelines to crack cocaine offenses (Doc. 163), a pro se motion for status of the pro se motion to reduce sentence (Doc. 170), a motion to consider Defendant's pro se filings filed by counsel (Doc. 174), and a motion for retroactive application of sentencing guidelines to crack cocaine offenses filed by counsel (Doc. 175).

Defendant, Carletos Hardamon, was convicted by a jury on September 18, 1997, of one count of conspiracy to distribute crack cocaine. He was sentenced by District Judge William Beatty on February 25, 1998, to a term of life imprisonment (*see* Doc. 124).[1] This sentence was based on a total offense level of 43 and a criminal history category of III.

In his pro se motion for retroactive application of sentencing guidelines, Hardamon asks this Court to hold a full resentencing hearing and to reduce his sentence of imprisonment to a term of

---

[1] This case was reassigned to the undersigned District Judge on August 26, 2002, pursuant to an administrative order.

120 months (which, the Court notes, is below the statutory minimum in this case). Hardamon sets forth in detail many arguments why he should have received a sentence less than life imprisonment. The Court has reviewed this pro se filing, even though counsel was appointed to represent Hardamon on the issue of the retroactive application of sentencing guidelines on March 24, 2008.

In the motion for retroactive application of sentencing guidelines to crack cocaine offenses filed by counsel, the United States Attorney and defense counsel agree that a reduction in sentence to 360 months is appropriate in this case. This calculation is also consistent with the information that the Court has received from the United States Probation Office.

Less than a month ago, the United States Court of Appeals for the Seventh Circuit held that district courts do not have authority to grant reductions pursuant to section 3582(c)(2) below the amended guideline range. *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009). In reaching this conclusion, Judge Flaum noted, "[t]he [Sentencing Commission's] policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range)." *Id.* at 708. *Cunningham* makes it clear that this district court is simply not authorized to grant Hardamon the relief he seeks in his pro se filing. The Court agrees, however, that Hardamon's total offense level should be reduced to a level 42, and the amended guideline range is 360 months to life imprisonment. In light of the agreement between the Government and defense counsel, the Court will reduce the term of life imprisonment to 360 months.

Accordingly, the motion to consider Defendant's pro se filings filed by counsel (Doc. 174) is **GRANTED**, and the pro se motion for retroactive application of sentencing guidelines to crack cocaine offenses (Doc. 163) is **DENIED**. The motion for retroactive application of sentencing

guidelines to crack cocaine offenses filed by counsel (Doc. 175) is **GRANTED**.  Finally, the pro se motion for status of the pro se motion to reduce sentence (Doc. 170) is **MOOT**.

**IT IS SO ORDERED.**

DATED: 03/03/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge